UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br>BEARCAT ENERGY, LLC<br><br>Debtor. | Bankruptcy Case No. 17-12011-EEB<br>Chapter 11 |
| IN RE:<br><br>JOHN KEITH EDWARDS,<br>SSN: XXX-XX-1396<br><br>Debtor. | Bankruptcy Case No. 18-10189-EEB<br>Chapter 11 |

## JOHN KEITH EDWARDS' AMENDED PLAN OF REORGANIZATION

## DATED FEBRUARY 15, 2019

John Keith Edwards ("Edwards" or "Debtor"), Debtor and Debtor-in-Possession hereby proposes, pursuant to Chapter 11, Title 11 of the United States Code, the following Amended Plan of Reorganization.

### ARITCLE I

### INTRODUCTION

Edwards is an individual. His principal residence is located at 3500 Belcaro Drive, Denver, Colorado 80209. Edwards works primarily as an oil and gas operator.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure his debts and obligations. A more complete history of the Debtor, his business, an explanation of this Plan, and a description of the Debtor's financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

# ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2)(A) of the Bankruptcy Code.

2.02 - <u>Allowed Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means each Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise

subject to equitable subordination under § 510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 – <u>Bearcat Energy, LLC</u> means that entity owned by the Debtor that is also currently in a Chapter 11 bankruptcy case pending in the Bankruptcy Court for the District of Colorado, Case No. 17-12011-EEB.

2.06 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.07 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.08- <u>Classes 1-7 Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.09 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.10 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.11 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.12 - <u>Debtor</u> shall mean the Debtor who is proposing this Chapter 11 Plan.

2.13 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.14 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with this case, or any Claim against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.15 - <u>Effective Date of the Plan</u> shall mean the date on which the Order of Confirmation is entered or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.16 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.17 - <u>Interest</u> shall mean any ownership interest or any other instrument evidencing any ownership in the Debtor's assets.

2.18 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 - <u>Petition Date</u> shall mean the date on which the voluntary Petition was filed by the Debtor.

2.20 - <u>Plan</u> shall mean this Amended Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.21 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a Professional Person.

2.24 – <u>Residence</u> means the Debtor's residence at 3500 Belcaro Drive, Denver, Colorado 80209.

2.25 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.26 - <u>Tax Claim</u> means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.27 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.28 - <u>Other Definitions</u>.  Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2) or 507(a)(8) of the Code.

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) or 507(a)(5) of the Code as having priority.

<u>Class 2</u> - The Allowed Secured Claim held by First Western Trust Bank.

<u>Class 3(a)</u> – The Allowed Secured Claim held by Aspen American Insurance Company.

<u>Class 3(b)</u> – The Allowed Secured Claim held by Aspen American Insurance Company.

<u>Class 4</u> – The Allowed Secured Claim held by Excel Roofing, Incorporated.

<u>Class 5</u> – The Allowed Secured Claim held by The Harris Law Firm, P.C.

<u>Class 6</u> – The Allowed Claims held by unsecured creditors.

<u>Class 7</u> - The Interest held by Edwards.

# ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims. Such Claims shall be paid in full on the Effective Date of the Plan, or treated as otherwise agreed to by the particular holders of such Claims. Section 507(a)(2) Administrative Claims that are allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed.

4.2 – The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be treated as follows:

    4.2.1 – The Colorado Department of Revenue ("CDOR") holds an unsecured priority claim in the amount of $37,282. The Debtor shall pay CDOR this principal amount amortized over a period of 24 months, or such other period as may be fixed by the Court. Interest shall accrue on the outstanding balance at the applicable statutory rate per annum until paid in full. Payments shall commence on the first day of the first month which is at least 30 days after the Effective Date of the Plan

4.3 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed. All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

# ARTICLE V

## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Priority Claims shall be paid in full on the Effective Date. The Class 1 claims for certain pre-petition wages and employee Claims are more

particularly described in Sections 507(a)(4) and 507(a)(5) of the Code. The Debtor does not expect that any claims will exist in this Class.

## ARTICLE VI

## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **First Western Trust Bank.** The Class 2 Secured Claim consists of the Allowed Secured Claim of First Western Trust Bank ("FWTB"). This claim is secured by a first priority position on the Debtor's Residence. The Class 2 Secured Claim is impaired by this Plan. The Class 2 claim will be treated under this Plan as follows:

a. The principal amount of the Class 2 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by FWTB. Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 2 claimant shall be unaltered by the Plan except for the release provisions set forth in paragraph 9.10 and shall remain in effect until the Class 2 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 2 claim shall bear interest at the rate of interest set forth in the original loan documents pertaining to the Residence.

d. The monthly payment of the Class 2 claim shall be $8,501.98 or as may be agreed to by the parties or set by the Court. Such payments shall be due on the 17th day of each month.

e. Notwithstanding the foregoing, the Class 2 claim will be paid in full with a single balloon payment of all outstanding principal and interest at such time as the earlier of: i) the date the Residence is sold or refinanced; ii) 60 days after closing on the sale of substantially all of Bearcat Energy's assets; or iii) May 31, 2019. The Debtor shall be entitled to prepay the Class 2 claim without premium or penalty.

6.2 – **Aspen American Insurance Company.** The Class 3 Secured Claim consists of the Allowed Secured Claim of Aspen American Insurance Company ("Aspen"). This claim is secured by a second priority position on the Debtor's

Residence.  The Class 3 Secured Claim is impaired by this Plan.  The Class 3 claim will be treated under this Plan as follows:

    a.  The principal amount of the Class 3 claim will be allowed in the amount $900,000.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

    b.  The lien position held by the Class 3 claimant shall be unaltered by the Plan except for the release provisions set forth in paragraph 9.10 and shall remain in effect until the Class 3 creditor's secured claim is satisfied or the underlying Property is sold or refinanced.

    c.  As of the Effective Date of the Plan, the Class 3 claim shall bear interest at the rate of 4% per annum.

    d.  The Class 3 claim will be paid in full with a single balloon payment of all outstanding principal and interest at such time as the earlier of: i) the date the Residence is sold or refinanced; ii) 60 days after closing on the sale of substantially all of Bearcat Energy's assets; or iii) May 31, 2019.  The Debtor shall be entitled to prepay the Class 3(a) claim without premium or penalty.

6.3 – **Excel Roofing, Incorporated.**  The Class 4 Secured Claim consists of the Allowed Secured Claim of Excel Roofing, Incorporated ("Excel").  This claim is secured by a fourth priority position on the Debtor's Residence.  The Class 4 Secured Claim is impaired by this Plan.  The Class 4 claim will be treated under this Plan as follows:

    a.  The principal amount of the Class 4 claim will be allowed in the amount $3,692.50.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

    b.  The lien position held by the Class 4 claimant shall be unaltered by the Plan except for the release provisions set forth in paragraph 9.10 and shall remain in effect until the Class 4 creditor's secured claim is satisfied or the underlying Property is sold or refinanced.

    c.  As of the Effective Date of the Plan, the Class 4 claim shall bear interest at the rate of 4% per annum.

    d.    The Class 4 claim will be paid in full with a single balloon payment of all outstanding principal and interest at such time as the earlier of: i) the date the Residence is sold or refinanced; ii) 60 days after closing on the sale of substantially all of Bearcat Energy's assets; or iii) May 31, 2019. The Debtor shall be entitled to prepay the Class 4 claim without premium or penalty.

6.4 – **The Harris Law Firm, P.C.**  The Class 5 Secured Claim consists of the Allowed Secured Claim of The Harris Law Firm, P.C. ("Harris"). This claim is secured by a fifth priority position on the Debtor's Residence. The Class 5 Secured Claim is impaired by this Plan. The Class 5 claim will be treated under this Plan as follows:

    a.    The principal amount of the Class 5 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the Class 5 claimant. Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

    b.    The lien position held by the Class 5 claimant shall be unaltered by the Plan except for the release provisions set forth in paragraph 9.10 and shall remain in effect until the Class 5 creditor's secured claim is satisfied or the underlying Property is sold or refinanced.

    c.    As of the Effective Date of the Plan, the Class 5 claim shall bear interest at the rate of 4% per annum.

    d.    The Class 5 claim will be paid in full with a single balloon payment of all outstanding principal and interest at such time as the earlier of: i) the date the Residence is sold or refinanced; ii) 60 days after closing on the sale of substantially all of Bearcat Energy's assets; or iii) May 31, 2019. The Debtor shall be entitled to prepay the Class 5 claim without premium or penalty.

## ARTICLE VII

### SPECIFICATION AND TREATMENT OF UNSECURED CREDITOR CLAIMS

7.1 - Class 6 consists of those unsecured creditors of Edwards who hold Allowed Claims. Class 6 is impaired under the Plan. Class 6 claimants shall be paid the

principal amount of their claims on the earlier of: i) the date the Residence is sold or refinanced; ii) 60 days after Bearcat Energy's assets are sold; or iii) May 31, 2019.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 7 INTERESTS

8.1 - Class 7 includes the Interests Edwards has in his property. Class 7 is unimpaired and this paragraph shall govern its treatment. On the Effective Date of the Plan Class 7 shall retain his Interests in the properties which he owned prior to the Confirmation Date, subject to the terms of the Plan.

## ARTICLE IX
## MEANS FOR THE PLAN'S EXECUTION

9.1 – **Sale or Lease of the Residence**. The Debtor will use his best efforts to refinance the Residence. If the Residence has not been refinanced on or before March 1, 2019, the Residence shall be listed for sale with a residential real estate broker selected by the Debtor.

9.2 – **Effectuating the Plan.** On the Effective Date of the Plan, the Debtor shall be appointed pursuant to 11 U.S.C.§1142(b) for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.

9.3 - **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims. In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held in an interest bearing bank account until the Claim is Allowed or disallowed. If Allowed, the Claim will be paid its appropriate share of the withheld payment. If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants, or if all holders of Allowed Claims have been paid in full, paid to Debtor.

9.4 - **Claims and Litigation Bar Date and Standing**. All Claim objections and Avoidance Actions in the case must be filed no later than 30 days following the Effective Date. The Debtor shall have standing to commence, prosecute, and settle claim objections and avoidance actions without need for Court approval.

9.5 - **Administrative Expense Bar Date**. All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 45 days following the Confirmation Date.

9.6 - **Final Decree.** The Debtor will request entry of a final decree after all payments to Class 6 are complete. The Debtor may close the case prior to entry of a final decree, then move to reopen the after Class 6 payments are complete.

9.7 - **Quarterly Fees.** Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.8 – **Contractual Relationship.** The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and his creditors. In the event of a default by the Debtor under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan. Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of their rights and remedies including foreclosure of their deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document. Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a ten (10) day period within which to cure the claimed default. Upon the Debtor's failure to cure the default within such ten day period, the creditor may proceed to exercise their rights and remedies.

9.9 – **Independent Provisions.** Should it be determined by the Court that any provision of the Plan is impermissible or grounds for the denial of confirmation, the Debtor shall have the right, but not the obligation, to delete the impermissible provision and proceed with confirmation of the Plan provided that deletion of the offensive provision would result in a confirmable Plan.

9.10 **Release of Allowed Secured Claims or Liens.** All Allowed Secured Claims, liens and encumbrances on the Residence shall be released with respect to the

sale or refinance of the Residence, provided that the sale or refinance produces sufficient funds to pay the Allowed Secured Claims in full. The sale or refinance of the Residence by the Debtor shall be free and clear of all liens, claims, and encumbrances of record and free and clear of any interest in such property held by any entity.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1 **Revestment.** The entry of an Order confirming this Plan shall revest in the Debtor all property of the estate free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan or Code. Notwithstanding this provision, Avoidance Actions shall remain assets of the estate through their conclusion by way of litigation and collection or settlement.

10.2 **Retention of Jurisdiction**. Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;
2. Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(2), including compensation of the parties entitled thereto;
3. Resolution of any disputes regarding interpretation of the Plan;
4. Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;
5. Modification of the Plan pursuant to 11 U.S.C. §1127;
6. Adjudication of any cause of action brought by the Debtor-in-Possession, the reorganized Debtor, Creditors Committee, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §542-549. This section shall not be construed to limit any other power or right which the Debtor may possess under any section of the Code; and
7. Entry of a final decree.

10.3 - **Satisfaction of Claims.** The Debtor shall receive a discharge at the conclusion of making all payments due to Administrative Claimants and Class 4 claimants, pursuant to Section 1141(d)(5) ("Discharge Date"). Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan.  Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.  During the time period from the Confirmation Date through the Discharge Date, no creditor affected by the Plan shall have any relief to pursue any pre-petition claim against the Debtor and all such claims shall remain stayed as to collection other than through payments made pursuant to the Plan.

10.4   **Headings**.  The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan

10.5   **Notices.**   All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified.  All communications will be deemed delivered when received at the following addresses:

    a.    To:

John Keith Edwards
3500 Belcaro Drive
Denver, CO 80209
Email: keith@bearcatinc.com

With a copy to:
Jeffrey S. Brinen, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Fax: 303-832-1510
Email:jsb@kutnerlaw.com

  b. To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, otherwise, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

10.6 - **Successors and Assigns**. The Plan will be binding upon the Debtor, any creditor affected by the Plan and his heirs, successors, assigns and legal representatives.

10.7 - **Unclaimed Payments**. If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within six months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

10.8 - **Committee Termination**. Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date.

10.9 – **Closing of Case.** The Debtor may close the case at the Court at any time following Plan Confirmation. The Debtor will retain the right to reopen the case for the purpose of having his discharge enter once he has made all payments to unsecured creditors. Debtor shall pay all post-confirmation quarterly fees that accrue after his case is reopened.

## ARTICLE XI
## CONFIRMATION REQUEST

11.1 - The Debtor, as proponents of the Plan, request confirmation of the Plan pursuant to 11 U.S.C. §1129. The Debtor will solicit acceptance of the Plan after his Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest. In the event the Debtor does not obtain the necessary acceptances of its Plan, he may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. §1129(b). The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: February 15, 2019.

*/s/ John Keith Edwards*

John Keith Edwards

Jeffrey S. Brinen, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: 303- 832-2400
Fax: 303-832-1510
Email: jsb@kutnerlaw.com
ATTORNEYS FOR JOHN KEITH EDWARDS
DEBTOR AND DEBTOR-IN-POSSESSION